IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GERALD W. STIVER )
301 Fourth Street )
Osawotamie, KS 66064 )
)
)
)
Plaintiff )
) **Case No.** 08-CV-2136 CM/GLR
v. )
)
UNION PACIFIC RAILROAD COMPANY, )
A corporation, )
)
Defendant. )

SERVE:
The Corporation Company, Inc.
515 South Kansas Avenue
Topeka, KS 66603

## COMPLAINT AND JURY DEMAND

### COUNT I
### (FEDERAL EMPLOYERS' LIABILITY ACT)

COMES NOW Plaintiff, Gerald W. Stiver, by and through his attorneys, Hubbell Peak O'Neal Napier & Leach, and for his cause of action against the Defendant Union Pacific Railroad Company (hereinafter "Defendant UP"), states as follows:

1. Jurisdiction is proper in that this cause of action is based upon and brought under the Federal Employers' Liability Act, 45 U.S.C. § 51, et sequitur, and 28 U.S.C. §1331.

2. Plaintiff is a resident of Osawatomie, Miami County, Kansas.

3. Defendant UP is and was at all times herein mentioned a corporation

engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and engaged in interstate commerce by railroad.

4. Defendant UP operates trains in the transportation of freight in and between the states of Missouri, Kansas and other states, and is and was at all times herein mentioned engaged in business in Miami County and Wyandotte County, Kansas.

5. At all times material hereto, Gerald Stiver was employed by Defendant UP as a conductor. Part of his duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and on October 15, 2007, and for a long time prior thereto, he was employed by and engaged with Defendant UP in interstate commerce.

6. On or about October 15, 2007, while Plaintiff was employed by and working for Defendant UP, it became and was his duty to set and release handbrakes on railcars in Osawatomie, Kansas.

7. While Plaintiff was working, he tried to release a handbrake on a railcar that was about the eighth or ninth car in the consist. The handbrake's release mechanism failed and as a result the Plaintiff's right shoulder was hurt in such a way that caused severe, permanent, and disabling injuries hereinafter described.

8. Plaintiff's aforesaid injuries were directly caused, in whole or in part, by the negligence of Defendant UP, including in the following respects, to-wit: Defendant UP negligently failed to furnish and provide plaintiff with a reasonably safe place to work, reasonably safe conditions for work, reasonably safe methods of work, and reasonably

safe appliances for work in that Defendant UP, through its officers, agents, servants and/or employees other than Plaintiff, negligently:

    a.    Caused, allowed and/or permitted a defective handbrake to be used on its line.

    b.    Failed to properly inspect, repair and/or maintain the subject handbrake that injured Plaintiff.

    c.    Failed to reasonably train, educate and instruct its employees in keeping its handbrakes, including the handbrake at issue, in a reasonably safe condition.

    d.    Failed to warn its employees of the unsafe condition that caused Plaintiff's injury.

    e.    Failed to promulgate, follow, and enforce reasonable rules, customs, practices, and procedures for the foregoing.

9. Defendant UP knew, or in the exercise of ordinary care should have known, that in acting and failing to act as described in the preceding paragraph, it was reasonably likely that employees, including Plaintiff, would be injured.

10. The defendant's acts and omissions listed above constitute negligence.

11. As a direct result of the aforesaid negligence of Defendant UP, Plaintiff sustained severe injuries to his right shoulder. Plaintiff's injuries as set forth above were caused by the incident described herein and/or said injuries were pre-existing asymptomatic conditions which were aggravated by the injuries described herein. On account of said injuries, Plaintiff has undergone extensive medical care and treatment, and Plaintiff will be required to seek medical treatment in the future. These injuries

have caused Plaintiff to obligate himself for the expenses of medical care and treatment and Plaintiff will in the future be caused to obligate him for the expenses of medical care and treatment. The strength, use and function of Plaintiff's body, and Plaintiff's general health and strength have been permanently weakened, diminished and impaired. Plaintiff's power to work and labor and his earning capacity have been diminished and impaired. Because of these injuries, Plaintiff has suffered the loss of fringe benefits and will in the future lose fringe benefits. Furthermore, because of these injuries, Plaintiff has been unable to perform certain usual and normal household services and will in the future be unable to perform such household services. As a result of said injuries, Plaintiff has suffered and will ever suffer severe physical pain, suffering and mental anguish. Because of said injuries, Plaintiff has lost capacity for the enjoyment of life in the past and will suffer loss of capacity for the enjoyment of life in the future.

WHEREFORE, Plaintiff prays for judgment against the Defendant UP in this Complaint in an amount exceeding the minimal jurisdictional limits set by this Court, for costs incurred herein, for post-judgment interest, and for any and all other relief to which Plaintiff is entitled.

### COUNT II
### (FEDERAL SAFETY APPLIANCE ACT)

COMES NOW Plaintiff, by and through undersigned Plaintiff, by and through undersigned counsel, for Count II of his cause of action against Defendant UP, states and alleges as follows:

12.   This action is based upon and brought under the Federal Employers' Liability Act 45 U.S.C. § 51, et sequitur. For violation of said act and, in specific, for violation of the Federal Safety Appliance Act, 49 U.S.C. Section 20301, et sequitur.

13.    Plaintiff re-alleges, adopts and incorporates herein each and every allegation of the statements contained in paragraphs 1 through 12 of this Complaint, the same as if said allegations and statements were herein set forth in their entirety.

14.    The injuries suffered by Plaintiff as aforesaid were directly caused, in whole or in part, by Defendant UP in the following respects, to-wit:  Defendant UP, in violation of the Federal Safety Appliance Act, failed to provide efficient handbrakes within the meaning of said statute.

15.    As a direct result of the aforesaid Federal Safety Appliance Act violation by Defendant UP Plaintiff sustained severe injuries to his right shoulder.  Plaintiff's injuries as set forth above were caused by the incident described herein and/or said injuries were pre-existing asymptomatic conditions which were aggravated by the injuries described herein.  On account of said injuries, Plaintiff has undergone extensive medical care and treatment, and Plaintiff will be required to seek medical treatment in the future.  These injuries have caused Plaintiff to obligate himself for the expenses of medical care and treatment and Plaintiff will in the future be caused to obligate him for the expenses of medical care and treatment.  The strength, use and function of Plaintiff's body, and Plaintiff's general health and strength has been permanently weakened, diminished and impaired.  Plaintiff's power to work and labor and his earning capacity have been diminished and impaired.  Because of these injuries, Plaintiff has suffered the loss of fringe benefits and will in the future lose fringe benefits.  Furthermore, because of these injuries, Plaintiff has been unable to perform certain usual and normal household services and will in the future be unable to perform such household services.  As a result of said injuries, Plaintiff has suffered and will ever

suffer severe physical pain, suffering and mental anguish. Because of said injuries, Plaintiff has lost capacity for the enjoyment of life in the past and will suffer loss of capacity for the enjoyment of life in the future.

WHEREFORE, Plaintiff prays for judgment against the Defendant UP in this Complaint in an amount exceeding the minimal jurisdictional limits set by this Court, for costs incurred herein, for post-judgment interest, and for any and all other relief to which Plaintiff is entitled.

Respectfully submitted,

_/s/ Jason R. Keck_
Jason R. Keck, KS Bar No. 20652
Gene C. Napier, KS Bar No. 77849; MO No. 24607
Hubbell Peak O'Neal Napier & Leach
30 West Pershing Road, Suite 350
Kansas City, Missouri 64108
(816) 221-5666
(816) 221-5259 (facsimile)

ATTORNEYS FOR PLAINTIFF

## REQUEST FOR JURY TRIAL

Plaintiff respectfully requests trial hereof by jury at the Kansas City, Kansas location.

_/s/ Jason R. Keck_
Attorney for Plaintiff